# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DOUGLAS ZIMNY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 12 C 5963 |
| v. | ) |
| | ) Judge Sara L. Ellis |
| THOMAS DART, in his individual and official capacity, JOSEPH WAYS, SR., GARY HICKERSON, ZELDA WHITTLER, TERRENCE HAKE, RALPH BILLINGSLEA, GEORGE TURNER, in their individual capacities, and the COUNTY OF COOK, a unit of local Government, | ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Plaintiff Douglas Zimny, a Lieutenant with the Sheriff's Office, claims that Defendants the County of Cook (the "County"), Thomas Dart, Joseph Ways, Sr., Gary Hickerson, Zelda Whittler, Terrence Hake, Ralph Billingslea, and George Turner retaliated against him for exercising his First Amendment rights (Count I) and for bringing claims to the *Shakman* compliance monitor in violation of the Illinois Whistleblower Act (the "IWA"), 740 Ill. Comp. Stat. 174/1 *et seq*. (Count II). The Court dismissed Zimny's IWA claims in its September 15, 2014 Opinion and Order, finding that the claim was preempted by the Illinois Human Rights Act ("IHRA"), 775 Ill. Comp. Stat. 5/1-101 *et seq*. Zimny now moves for reconsideration of the Court's dismissal of the IWA claims, arguing that the Court misapprehended the scope of the IHRA.

Motions for reconsideration serve a limited purpose and are "only appropriate where the court has misunderstood a party, where a court has made a decision outside the adversarial issues

presented to the court by the parties, where the court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered." *Broaddus v. Shields*, 665 F.3d 846, 860 (7th Cir. 2011) (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)), *overruled on other grounds*, *Hill v. Tangherlini*, 724 F.3d 965 (7th Cir. 2013). A motion for reconsideration "is not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment." *County of McHenry v. Ins. Co. of the W.*, 438 F.3d 813, 819 (7th Cir. 2006) (citation omitted) (internal quotation marks omitted); *see also Matter of Reese*, 91 F.3d 37, 39 (7th Cir. 1996) (a Rule 59(e) motion does not "enable a party to complete presenting his case after the court has ruled against him" (quoting *Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir. 1995))). The Court may also correct a manifest error of law or fact in response to a motion for reconsideration. *Hicks v. Midwest Transit, Inc.*, 531 F.3d 467, 474 (7th Cir. 2008).

In its September 15, 2014 Opinion and Order, the Court dismissed Zimny's IWA claim, finding that it was inextricably linked to an alleged civil rights violation and thus preempted by the IHRA. Zimny asks the Court to reconsider dismissal of the claim, arguing that the Court misapprehended the scope of the IHRA in finding that it protected political discrimination—the type of discrimination of which Zimny complained to the *Shakman* monitor and that forms the basis of his IWA claim. Zimny acknowledges that his pleading was not the clearest, and the Court notes that his response to Defendants' motion to dismiss did not focus on the argument now being made. That said, the Court acknowledges that it erred in dismissing Zimny's IWA claim.

In finding that Zimny's IWA claim was preempted, the Court assumed that Zimny was complaining of retaliation in response to complaints of discrimination protected under the IHRA. *See* Doc. 87 at 12 ("But for Zimny's reasonable, good-faith belief that Defendants retaliated against him and violated his civil rights as secured by the IHRA, he would have no claim under the IWA."). The Court relied on the IHRA's prohibition on retaliation because an employee "has opposed that which he or she reasonably and in good faith believes to be unlawful discrimination" or because an employee "has made a charge, filed a complaint, testified, assisted, or participated in an investigation, proceeding, or hearing under [the IHRA]." *Id.* (quoting 775 Ill. Comp. Stat. 5/6-101(A)). The IHRA defines "unlawful discrimination" as "discrimination against a person because of his or her race, color, religion, national origin, ancestry, age, sex, marital status, order of protection status, disability, marital status, sexual orientation, or unfavorable discharge from military status." 775 Ill. Comp. Stat. 5/1-103(Q). Although this definition was not brought to the Court's attention in the briefing on the motion to dismiss, Zimny is correct that his complaints of political discrimination do not fall within the IHRA's protection of "unlawful discrimination."

Defendants argue, however, that Zimny's IWA claims are based not on complaints related to political discrimination but rather those related to investigations into Zimny's criminal indictment in Texas and the resulting disciplinary charges brought against him. Defendants' argument is based on references in Zimny's Complaint to statements Zimny made in January and February 2012 that Defendants were violating his rights under the IHRA by seeking his termination based on the Texas indictment. Although mentioned in the background section of the Complaint, Zimny states in his reply to the motion for reconsideration that his IWA claim is not based on the use of his arrest as retaliation. Zimny also asks for leave to amend the

complaint to clarify that his IWA claim is not dependent on acts that are cognizable under the IHRA. To the extent the current Complaint causes confusion on these grounds, Zimny is given leave to amend the Complaint to clarify that he is not pursuing an IWA claim that is preempted by the IHRA.

Finally, Defendants argue that political discrimination is not protected under the IWA and so regardless of whether Zimny's IWA claim is preempted, the claim should be dismissed. This argument was not raised in Defendants' motion to dismiss. But even if it had been, it would fail at this stage. The IWA provides that an employer may not retaliate against an employee who discloses information to a government or law enforcement agency "where the employee has reasonable cause to believe that the information discloses a violation of a State or federal law, rule, or regulation." 740 Ill. Comp. Stat. 174/15(b). Here, Zimny alleges that he complained of political discrimination that he reasonably believed amounted to a violation of his First Amendment rights. At this stage, this is sufficient for Zimny to proceed on his IWA claim.

Thus, to the extent that Zimny's IWA claim is based on retaliation for his opposition to political discrimination—and not on retaliation for his IHRA complaint or for any opposition to protected "unlawful discrimination" under the IHRA—Zimny's IWA claim may proceed. For clarification purposes, the Court will allow Zimny to amend the Complaint to strike the allegations contained therein regarding the investigation and discipline related to the Texas indictment and to further clarify that his IWA claim is based solely on alleged retaliation for his claims of political discrimination made to the *Shakman* monitor.

**CONCLUSION**

For the foregoing reasons, Zimny's motion to reconsider the dismissal of Count II of the Complaint [92] is granted. Count II of the Complaint is reinstated. Zimny is given until January 9, 2015 to amend the Complaint.

Dated: December 15, 2014

_____
SARA L. ELLIS
United States District Judge